# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:15-CR-00063-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| JEREMY DONOVAN DULA, | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant's Motion to Terminate Supervised Release. (Doc. No. 104) ("Motion").

On January 7, 2016, Defendant pled guilty to one count of conspiracy to distribute and possession with intent to distribute cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Defendant was sentenced to 80 months of imprisonment and 5 years of supervised release.

Title 18 U.S.C. § 3583(e) states that a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1).

In support of his Motion, Defendant states that he has complied with all terms and conditions of his supervised release. He claims that his conditions of supervised release sometimes prevent him from traveling and participating in training sessions that are held out of state. Defendant is under supervision in the Northern District of Georgia, but the Western District of North Carolina

("W.D.N.C.") maintains jurisdiction over his supervised release. His current supervising officer in Georgia shared with the Court that Defendant is in compliance with conditions of supervised release, has maintained employment, and is clean from drugs. The supervising officer also shared that the travel restrictions do not impact Defendant's work and that the supervising officer would like the supervision to continue to September 2023, which would complete three years of supervised release. The Court agrees with the supervising officer. Furthermore, the W.D.N.C. Probation Office does not submit requests for early termination until the supervisee has completed at least two-thirds of his or her term of supervision. Accordingly, the Court will deny Defendant's motion, but will do so without prejudice to file again once Defendant has completed more of his supervised release term.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Terminate Supervised Release, (Doc. No. 104), is **DENIED** without prejudice. Defendant's term of supervised release shall continue as originally sentenced. The Clerk is directed to serve a copy of this Order on Defendant and the United States Probation Office.

**SO ORDERED**.

Signed: March 27, 2023

Kenneth D. Bell
United States District Judge